IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **APOLLO ALTERNATIVE FUELS COMPANY, LLC** and **APOLLO RESOURCES INTERNATIONAL, INC.**, | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 3:06-CV-1278-L |
| **ENERGY VENTURES ORGANIZATION, INC., et al.**, | § | |
| Defendants, | § | |
| **COLONIAL STOCK TRANSFER CO.**, | § | |
| Intervenor. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are Defendants' Motion to Dismiss or in the Alternative Motion for More Definite Statement, filed August 21, 2006; Plaintiffs' Motion to Remand, filed August 1, 2006; Defendants' Motion to Strike Plaintiffs' First Amended Complaint, filed August 18, 2006; and Plaintiffs' Motion for Leave to File First Amended Complaint and Motion for Joinder, filed August 21, 2006. After careful review of the motions, responses, briefs, replies, record, Report and Recommendation of the United States Magistrate Judge, with respect to the two motions referred to him, and relevant authority, the court **denies** Defendants' Motion to Dismiss and **grants** Defendants' Motion for More Definite Statement; **denies** Plaintiffs' Motion to Remand; **grants** Defendants' Motion to Strike Plaintiffs' First Amended Complaint; and **denies** Plaintiffs' Motion for Leave to File First Amended Complaint and Motion for Joinder.

## I. Background

Plaintiffs are Apollo Alternative Fuels Company, L.L.C. and Apollo Resources International, Inc. ("Plaintiffs"); Defendants are Energy Ventures Organization, Inc., John Bonaventura, and Conrad Vergara (collectively, "Defendants"); Intervenor is Colonial Stock Transfer Co. Plaintiffs sued Defendants in the 116th Judicial District Court of Dallas County, Texas, on June 19, 2006, for statutory fraud/fraudulent inducement, and for declaratory judgment that there was no consideration paid by Defendant Energy Ventures Organization, Inc. ("EVO") and that the agreement between the parties is null and void. Defendants were served on June 28, 2006, Defendants filed their Notice of Removal on July 17, 2006, on the basis of diversity of citizenship and that the amount in controversy, exclusive of interest and costs, exceeded $75,000. The parties do not dispute that subject matter jurisdiction existed at the time of removal. After removal, on August 1, 2006, Plaintiffs' First Amended Complaint was filed, and it named Donald E. Dickson ("Dickson") as an additional defendant.

## II. Plaintiffs' Motion to Remand and Plaintiffs' Motion for Leave to File Plaintiffs' First Amended Complaint and Motion for Joinder

The court referred both motions to the magistrate judge on August 28, 2006. On October 20, 2006, Magistrate Judge Wm. F. Sanderson, Jr. issued the Report and Recommendation of the United States Magistrate Judge ("Report"). The magistrate judge observed that the "issues raised in these motions are inextricably intertwined." Report at 1. The court agrees. He recommended that the court deny Plaintiffs' Motion to Remand and require Plaintiffs to proceed under their original complaint. He also issued an order conditionally granting Defendants' Motion to Strike pending the court's adoption of the Report. In his Report, the magistrate judge conducted an "improper joinder"

analysis to make his findings and recommendation. Plaintiffs object to the Report and contend that such an analysis was incorrect and that failure to conduct a *Hensgens*[1] analysis was clear error.

The court agrees that improper joinder is inapplicable to this case. "[T]he [improper] joinder doctrine does not apply to joinders that occur *after* an action is removed." *Cobb v. Delta Exps., Inc.*, 186 F.3d 675, 677 (5th Cir. 1999). This doctrine allows "courts to ignore (for jurisdictional purposes) only those non-diverse parties *on the record in state court at the time of removal*." *Id*. (footnote collecting cases omitted) (emphasis in original). As Dickson was not a party in state court and Plaintiffs seek to name him as a defendant post-removal, the doctrine of improper joinder is not applicable to whether the Plaintiffs should be allowed to amend their complaint or whether the case should be remanded.

When a court is faced with whether to allow a nondiverse defendant to be added after removal, it "should consider the extent to which the purpose of the amendment is to defeat jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *see also Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005). The court now considers these factors.

With respect to the first factor, the court is convinced that Plaintiffs seek to add Dickson to defeat jurisdiction. As clearly revealed, prior to the filing of Plaintiffs' Original Petition, Plaintiffs were aware of Dickson's involvement, and at least some of his activities, and referred to him as a representative of EVO. "On or about May 22, 2006, over a year after the Agreement was signed, Plaintiffs received an e-mail from Don Dickson, a representative of Defendant EVO, with a

[1]*Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).

proposed press release and a preview of a 'video update' that EVO was going to circulate." Plaintiffs' Original Petition ¶ 15 at 5. Plaintiffs' acknowledge that they were aware of Dickson's participation with EVO "in certain facts and circumstances." In light of Plaintiffs' knowledge of Dickson, and the simultaneous filing of the motion to remand and the first amended complaint, the court is convinced that this was legal legerdemain designed to defeat its jurisdiction. Dickson could have been made a party in state court, but apparently Plaintiffs did not believe his involvement to be sufficient for personal liability. Under the plain language of the applicable federal statute, if a court permits joinder of a nondiverse defendant after removal, it must remand to state court. 28 U.S.C. § 1447(e). The court is convinced that Plaintiffs' objective was clear: get the case back to state court. Accordingly, this factor weighs against Plaintiffs.

Regarding the second factor under *Hensgens*, the court cannot say that Plaintiffs have been dilatory in seeking amendment and joinder. Plaintiffs initially filed their First Amended Complaint on August 1, 2006, and filed a motion seeking leave to file an amended complaint and to add a defendant on August 21, 2006, five weeks after the case was removed. The court therefore concludes that this factor favors Plaintiffs.

With respect to the third factor, whether Plaintiffs will be significantly injured or prejudiced, the court determines that this factor does not favor Plaintiffs. While there will be additional costs associated with a parallel state action if Plaintiffs pursue litigation against Dickson in state court, Plaintiffs have wholly failed to state how they will be legally prejudiced. In other words, if they have viable claims against Dickson, they have not shown how their ability to pursue such claims in state court is legally compromised or hampered.

Finally, regarding other factors bearing on the equities, the court finds the following statement by Plaintiffs troubling:

> By way of Defendants' Certificate of Interested Persons (the "Certificate"), filed with Defendants' removal papers, Plaintiffs learned that Energy Ventures Organization, Inc. ("EVO") considered Don E. Dickson an EVO representative. Therefore, not until removal did Plaintiffs learn that claims for fraudulent inducement, breach of contract and civil conspiracy against Dickson, who Plaintiffs believed to be their consultant working with EVO, were viable.

Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to Remand at 2. This statement is simply incorrect. The state court petition was filed on June 19, 2006. The petition clearly refers to an e-mail received by Plaintiffs from Don Dickson on May 22, 2006, and Plaintiffs unequivocally refer to Dickson as "a representative of EVO." Plaintiffs Original Petition ¶ 15 at 5. Plaintiffs' statement that they learned Dickson's status from the certificate of interested persons filed with Defendants' notice of removal on July 17, 2006, cannot be true. The inequity in this situation is clear. Plaintiffs have created a situation, or allowed one to exist, in which they were aware of a party's activities and association with another defendant, but decided to act on it *only* when it became legally disadvantageous to Defendants. Defendants have lawfully exercised their right to remove to federal court, and Plaintiffs should not be allowed to use sleight of hand to circumvent what is fundamentally fair to Defendants, and profit from such tactics.

Based upon a review of the four factors under *Hensgens*, the court determines that three weigh against Plaintiffs, and in favor of Defendants. Accordingly, the court does not believe that Plaintiffs should be allowed to add Dickson as a defendant and defeat this court's jurisdiction, which would require remand to state court pursuant to 28 U.S.C. § 1447(e). Accordingly, both of these motions will be denied.

## III. Defendants' Motion to Strike Plaintiffs' First Amended Complaint

As stated, the court will deny the motion to remand and motion for leave to amend and for joinder. This denial necessarily requires the court to grant Defendants' Motion to Strike Plaintiffs' First Amended Complaint. Accordingly, Plaintiffs shall proceed under their original complaint, unless such complaint is amended in accordance with this opinion.

## IV. Defendants' Motion to Dismiss or in the Alternative Motion for More Definite Statement

Defendants contend that Plaintiffs' pleadings fail to state with requisite specificity or particularity the bases for their fraud allegations as required by Rule 9, Fed. R. Civ. P. The court agrees; however, rather than dismiss the complaint (which is actually Plaintiffs' Original Petition), Plaintiffs should be afforded an opportunity to cure the deficiencies. The court will allow Plaintiffs an opportunity to amend their complaint to comply with Rule 9, or to provide a more definite statement pursuant to Rule 12(e), Fed. R. Civ. P.

## V. Conclusion

For the reasons stated herein, the court the court **denies** Defendants' Motion to Dismiss and **grants** Defendants' Motion for More Definite Statement; **denies** Plaintiffs' Motion to Remand; **grants** Defendants' Motion to Strike Plaintiffs' First Amended Complaint; and **denies** Plaintiffs' Motion for Leave to File First Amended Complaint and Motion for Joinder. With respect to filing an amended complaint or a more definite statement regarding the fraud allegations in Plaintiffs' complaint, Plaintiffs must make such filing by **April 23, 2007**.

**It is so ordered** this 31st day of March, 2007.

Sam A. Lindsay
United States District Judge